IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW P. DEC and<br>LISA A. (WEISENSTEIN) DEC,<br><br>        Plaintiffs,<br><br>  v.<br><br>JILL DOUBLE, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)   Civil Action No. 10-301<br>)<br>)   Magistrate Judge Bissoon<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

*Pro se* Plaintiff Matthew P. Dec ("Mr. Dec") has initiated this lawsuit by submitting, on behalf of himself and purportedly on behalf of Lisa A. (Weisenstein) Dec ("Ms. Dec"), an Application to Proceed *In Forma Pauperis* ("IFP"). *See* Doc. 1. The Application was signed by Mr. Dec, but not Ms. Dec. *See id.* at 2. By text Order dated March 5, 2010, the Court granted the IFP Application and directed the Clerk of Court to file the Complaint attached to the Application.

Although the Complaint is purportedly "verified," *see* Doc. 2 at 1, it has not been signed by Mr. or Ms. Dec. Under Federal Rule of Civil Procedure 11(a), every pleading "must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." *Id.* "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

The deficiencies regarding Ms. Dec's purported filings run deeper. When multiple plaintiffs seek to proceed IFP, each plaintiff must submit a sworn application in support of the

request. *See* Khattab El v. U.S. Justice Dept., 1988 WL 5117, *1 (E.D. Pa. Jan. 22, 1988) (citation omitted); *see also* Cooke v. Harpum, 2008 WL 4830715, *2 (N.D. Cal. Nov. 6, 2008) (although only one filing fee per case is required, "either [the] filing fee must be paid, or each plaintiff must qualify as [IFP]") (emphasis added).[1]

The Court is unaware of, and Mr. Dec has failed to identify, any valid legal basis upon which he may sign an IFP application on behalf of his wife. *See* IFP Application (handwritten and signed by Mr. Dec, and purporting to state both his and Ms. Dec's assets and debts). Somewhat relatedly, the law is clear that one *pro se* litigant cannot appear on another's behalf. Amaker v. Goord, 2009 WL 1586560, *3 (W.D.N.Y. Jun. 4, 2009); *accord* Igbonwa v. Cameron, 2004 WL 257358, 4 n.2 (E.D. Pa. Feb. 2, 2004) ("[a]lthough a non-attorney may appear [on] his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as an attorney for others than himself") (citation to quoted authority omitted).

Should Ms. Dec submit an IFP application on her own behalf and sign the amended complaint (as directed below), she thereby effectively acknowledges that: (i) she formally has agreed to proceed as a plaintiff; (ii) she will legally represent herself and appear on her own behalf; and (iii) Mr. Dec cannot and will not act as her attorney or appear on her behalf. *See* Amaker, 2009 WL 1586560 at *3 (ordering same).

Consistent with the foregoing, the Court hereby enters the following:

---

[1] As appropriate, the Court may, however, consider Mr. and Ms. Dec's combined income in determining IFP eligibility. *See* Ginters v. Frazier, 2008 WL 314701, *2 n.1 (D. Minn. Feb. 4, 2008) ("it is appropriate to consider any support that an IFP applicant might receive from a spouse," and, where husband and wife join as plaintiffs, "[the court] must consider their combined income").

2

## II. ORDER

A. The March 5, 2010 Order granting the IFP Application executed and signed by Mr. Dec (Doc. 1) is **VACATED**;

B. If Ms. Dec elects to proceed with this litigation, she shall execute and file an IFP application, on her own behalf, by no later than **May 14, 2010**;

C. Assuming Mr. Dec and/or Ms. Dec will be granted IFP status, they shall, by **May 25, 2010**, file an amended complaint containing the signature(s) of all plaintiff(s);

D. Should Mr. and/or Ms. Dec fail to comply with the signature requirement in Federal Rule 11(a), as directed above, the current Complaint will be stricken;

E. If a signed, amended complaint is executed and filed with the Court, plaintiff(s) shall ensure that the amended complaint is timely served on all Defendants, consistent with applicable law; and

F. Any failure to comply with the terms of this Order may result in the dismissal of Mr. Dec's and/or Ms. Dec's claims.


IT IS SO ORDERED.


May 5, 2010                                              s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States Magistrate Judge

cc (via First-Class U.S. Mail):

Matthew P. Dec
202 Campbell Ave.
Butler, PA 16001

Lisa A. (Weisenstein) Dec
200 Cottage Hill Ave.
Butler, PA 16001


cc (via CM/ECF):

All Counsel of Record for Defendants

3